# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DOUGLAS DONAHOE, <br><br> Petitioner, <br><br> v. <br><br> JEFFREY BEARD, Secretary, <br><br> Respondent. | Civil No. 13cv1475 JLS (NLS) <br><br> **ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition is subject to dismissal because Petitioner has failed to allege exhaustion of state court remedies.

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v.

-1-                                                                                          13cv1475

<u>Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Petitioner indicates that he has not presented his claims to the California Supreme Court. (<u>See</u> Pet. at 6-9.) The reason he gives for not exhausting his claims is: "I was told I had given up my rights at the state level since I plead guilty after coercion was used on me to force me to plead guilty." (<u>Id.</u> at 5.) The burden of proving that a claim has been exhausted lies with the petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981). Petitioner's waiver of his right to appeal in the state judicial system is not a sufficient reason to excuse the exhaustion requirement, particularly in light of his allegations that he was coerced into entering the waiver. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) (holding that the exhaustion doctrine is designed to give state court the first opportunity to pass upon alleged violations of state prisoner's federal rights); <u>Hendricks v. Zenon</u>, 993 F.2d 664, 672 (9th Cir. 1993) (recognizing that the exhaustion doctrine is essentially a matter of federalism and comity which can be excused only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist.") (quoting <u>Granberry</u>, 481 U.S. at 134); <u>see also</u> 28 U.S.C. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that - (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.")

Petitioner has not alleged sufficient facts to demonstrate that there is an absence of state corrective process available to him. He has therefore failed to allege exhaustion

as to any claim presented in the Petition, and it is subject to dismissal. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further into the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.") (citing Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001)).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal

of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has failed to allege exhaustion of state court remedies.

## **CONCLUSION**

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to allege exhaustion of state judicial remedies.  To have this case reopened, Petitioner must, no later than **August 30, 2013**, file a First Amended Petition that cures the pleading deficiencies set forth above.

Petitioner is advised that if he has not submitted a First Amended Petition alleging exhaustion of his state court remedies by **August 30, 2013**, he will have to start over by filing a completely new habeas petition in this Court which will be given a new civil case number.  The Clerk of Court shall send a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

DATED:  July 10, 2013

**Honorable Janis L. Sammartino
United States District Judge**

CC:   ALL PARTIES

-4-

13cv1475